Good morning, Your Honor. Tony Farmani on behalf of Mr. Ceras. Your Honor, this case should be sent back to the District Court for one fact and one fact alone and that is, it's an undisputed fact, Your Honor, and that is that the California Court of Appeal overruled the Superior Court's timeliness ruling when they decided that Mr. Ceras can go back, in fact encourage Mr. Ceras to go back and submit another petition with additional information regarding his ineffective assistance of counsel claim. Now, the state has already conceded that the California Court of Appeal has overturned the Superior Court, but what the state is trying to do is try to parse out periods of time when we all know, based on this Court's unbanked decision in Correal, you don't do that anymore. You simply, if the Court of Appeal overturns a timeliness ruling, that's the end of the matter. That would be the same if... And so your argument here is that there was an implicit ruling by the Court of Appeal that it was timely because they didn't say it wasn't untimely? Your Honor, that is not my argument. My argument is explicit. It can't be any more clear than telling someone, go back and refile that petition with additional information. Now, if you're arguing that, but correct me if I'm wrong, but you and the appellees or respondents seem to disagree on when Ceras actually filed his petition in the Court of Appeal. So when you're going through all that, if we were to find that the California Court of Appeal failed to make the requisite determination as to timeliness, must we remand to the District Court for additional fact-finding to establish the time between the Superior Court's decision and Ceras's filing of his petition with the Court of Appeal? Your Honor, you would if the, if in fact the benchmark, if there was a rule out there that said 60 days is the limit, because he's over the 60 days by two. He's actually, he's two days short of the one-year statute of limitations, even if we take September 28th date, which is, you know, the date that the State is saying that he filed his petition. I don't know what that evidence looks like, but I can tell you that in his, in the record before the Court, and I know Your Honor is aware of that, August 15th is when he submits his petition, which would have been less than 60 days. And then he says, I submitted it August 26th in the District Court. Either of those dates would make it timely, even if we assume there is this 60-day rule out there. And there is no 60-day rule, Your Honor. If there was one, there wouldn't, there wouldn't be a Robinson case, which is a question. So Curiel is your best arrow and your quiver, right? No, Your Honor, there's plenty of cases that say if the California Court of Appeal overturns, or the California Supreme Court for that matter, overturns a ruling by the lower court as to timeliness, that court, that court's ruling governs. And we have the, the, the, Correal relied on a number of cases, including Tigris case. And that, in that case, Your Honor, all you had is just the California Supreme Court summary denial. And the court said, because it asked for a briefing. I know this is your biggest issue, but I have a, a schlep question. Yes, Your Honor. That I just want to make sure I get included in here. Do you dispute the accuracy of the California Court of Appeal's recitation of the evidence in the Saris case, which the District Court relied on in assessing Saris's schlep claim? Your Honor, I would dispute it because it, when you bring the, the California Court of Appeal, when it made that factual determination, when they wrote the opinion, they didn't have Morales' affidavit. Oh, no, but everything else. Okay. But, but then, okay, if you do dispute their recitation, I don't see it anywhere in your briefing. Can you point somewhere into your briefing? Because it... Well, our, our position is, Your Honor, that the District Court, based on the Ninth Circuit law, should have ordered the record, should have ordered the respondent or its, or someone to bring the records and then make that determination. I can't imagine... Well, but if you don't dispute the Court of Appeal's recitation of the facts that are there, why does the, why does the court have to order the record? I mean, you're creating a whole, I mean, it, basically, that recitation was undisputed. You just added the Morales. Your Honor, that's a huge factor there, because the Morales' affidavit renders the California Court of Appeal's opinion, the factual recitation, doubt, in doubt. But why can't the court just put it up against that? Take your Morales and then put it up against that, instead of pulling the entire record up, and you're essentially asking for them to de novo, do the whole thing again. Because that's what the law requires, Your Honor, and there is reasons for that in Ninth Circuit. Ninth Circuit has already, and there's plenty of cases cited in the brief, that talks about... Are you talking McDaniels? McDaniels, yes. But McDaniels doesn't stand for the proposition that you're arguing here. Well, the Shropp inquiry is the... It's supposed to be a narrow gateway, and I don't see anywhere, I don't see anywhere in your briefing that you're disputing the California's recitation of the facts. So why can't we accept that and then look at the Morales? I suppose, Your Honor, you could. I don't have any problem with that, but if I were briefing it as an advocate, I probably would be able to give you a different spin on the facts, as the Court of Appeal has given a spin on the facts as well. Their view of the facts... Courts don't like to think we spin. Well, I think the California... You all get to spin, but we don't like to think we do. That's correct, Your Honor, but the California Court of Appeal, realistically speaking, they do do that. Okay. Well, I've got your answer on that. Yes, Your Honor. Did you tell me how much you want to reserve? Yes, Your Honor. I can reserve the remainder of my time, if I may, for the rebuttal. All right. My colleagues may have questions. Yes, Your Honor. I'll wait for rebuttal. I think Judge Battalion has a question. No? Okay, then we'll wait for rebuttal. Thank you, Your Honor. Okay. Thank you. Good morning. Good morning, Your Honors. Deputy Attorney General Julie Harris for Respondent. May it please the Court. There are two reasons that the district court's judgment should be affirmed in this case. First, the petition is untimely, and second, all of the procedural bars except for the one pertaining to the ineffective assistance of counsel claim are procedurally defaulted. It seems like Curiel presents you a problem on the IAC. Whether it's right or it's wrong, it's binding on us. It's an en banc court. And so doesn't the fact, you know, under Curiel, doesn't the fact that the California Court of Appeal ordered Saris to make filings to shore up his ineffective assistance of counsel claim mean his state petition was timely? It means that they found the ineffective assistance of counsel claim to be timely. So on the IAC, would you say that Curiel is okay, that the petitioner is okay on the IAC claim after Curiel? No, because what that means is that he's entitled to tolling for the Superior Court petition and the Court of Appeal petition. But that's not enough to make him timely. So we've conceded that Curiel helps petitioner. It just doesn't help him enough to make this petition timely. And that's because he's not entitled to a constructive filing date for his California Court of Appeal petition because, as the district court noted, there was a suspect 35-day delay between the time that he says he handed the petition over to prison officials and the time that it was actually filed in the court. And when the court gave petitioner the opportunity to explain or justify that delay when the court issued the order to show cause, and when the court also gave petitioner examples of the type of evidence that it was looking for, whether that be mail logs or a copy of the envelope that the petition was sent in or any other evidence that might substantiate the date, petitioner responded by doing nothing. He did file a response to the order to show cause. It's just that he didn't say provide any substantiation of the August 26th date. He simply repeated what he had already said in his federal habeas petition. If we disagree with you on timeliness, what goes back? If you disagree with me on timeliness, then timeliness goes back. You mean? Let's say we reach it and say that it was timely filed, then his ineffective assistance of counsel claim goes back, right? If you find that it was timely filed, yes, then his ineffective assistance of counsel claim would go back. And then what about the schlup issue? Well, the schlup issue only comes into play to overcome a timeliness finding, which are we assuming that you would find that the petition's untimely or that he's procedurally barred on? Because we've also conceded that he wouldn't be. The ineffective assistance of issues go back, right? Right. And let's say we accept the state's argument that there's procedural bar on the remaining claims, so now he has to basically meet the schlup gateway, which, as Judge Callahan points out, is narrow. But normally, that assessment is made by comparing the new evidence that's submitted to the district court. Does the district court do that here? No. The district court did not do that here. And while that's generally a good rule, obviously, to have more information before the court when it's making a decision about actual innocence, in this case, the court needed discretion to be able to reject petitioner showing because it was so weak in this case. Well, do you have an instance where the district court summarily rejected without an appearance by the state and without benefit of the record? Because you've got a pro se petitioner, right, who's because it's a pro se filing, it's incomplete, and by its nature, the arguments aren't really fleshed out. So at what point in the district court would the full record have to be lodged? Would the state lodge that when the state makes an appearance normally under the local rules? The state lodges the full record when the state files an answer. Right. So normally, when the state appears, the court has the benefit of the lodge record. Under the local rules, the state have to do that. But because here the dismissal was in such an early stage, the district court didn't have the benefit of the record. So can you explain to me what the rationale would be to have the district court dismiss it this early on a pro se filing without the benefit of the record? Particularly in this case where if you lose on the other arguments, as I indicated, the IAC issues would have to go back anyway. So what would the state's position be on the schlup issue? That when the showing by petitioner is so weak and so paltry as it was in this case, compared to what the court could already see in the state court record, was a very strong case against petitioner. Was the court of appeals recitation of the facts ever disputed? You have a reasoned decision by the court of appeal, right, that recites the facts. Right. So does the district court always have to order the record? Or if the parties don't dispute the facts, can the district court weigh the new affidavit against those facts that are in the undisputed facts in the court of appeal? Yes. If the parties don't dispute the facts, then there wouldn't be a reason to. So did the parties dispute the facts in the court of appeals opinion? Not as far as I know, Your Honor. All right. So your position, I'm understanding it, is that obviously the district court has to weigh the affidavit against something. But are you saying where the affidavit is so... Facially. Facially unreasonable that what the court had at that time, whether it's the reasoned decision of the court of appeal or whatever, that was enough and it didn't necessitate ordering the whole record. But there would be some instances where the whole record might be necessary? Yes, probably in a lot of cases the full record would be necessary. But in this instance where the declaration provided by petitioner is so facially weak that it couldn't possibly counteract the evidence that the court of appeal found in a reasoned decision. And in this case, as I'm sure the court is aware, this is a case where petitioner was convicted of attempted murder of his wife and she survived. So she identified him as the shooter in this case in addition to multiple family members who were at the scene as well who were familiar with petitioner and identified him. And the affidavit is from a person that's in Mexico and it's, what, five years later? Right. Ten years after the crime occurred and five years after trial is when the declaration was executed. And the affidavit, there's something in the record and I'm not sure where it is, that the petitioner knew of, that this person knew of this statement and still waited five years, right? And they didn't present it at trial. The trial defense wasn't some other dude did it. Well, they attempted to raise a third-party culpability claim at trial but the trial court found the evidence that they presented to be too weak for it to go forward. Okay. And they never named this person who is now part of the declaration. Well, when does this person's name, is it Macias? Morales. Morales. When did Morales say he told the petitioner that he was a shooter? The day of the crime. Okay. And that name never came up at the trial? That name never came up at the trial. I believe petitioner's allegation is that he told all of his various counsel about this person and that they didn't follow up on it. It's tied into the ineffective assistance counsel claim, right? Right. Because there were witnesses who indicated that there were two people at the scene. And so the question is, was the shooter the defendant, the petitioner, or was it this other person? Right. But the reason that the third-party culpability claim was rejected at trial was because there was only one witness who was further away from the house where the shooting took place who thought that they saw two shadows in a car. And so in light of none of the other witnesses there thought that there were two people there. They only thought that there was petitioner who was the shooter. They didn't see any other people. I have only one question. So based on your experience in habeas corpus cases, how many of these cases on a percentage basis or a number basis do you see where there is an affidavit from someone else confessing to the crime? That happens in a small percentage of cases. So like how small? Less than 1%? Perhaps. Probably? Maybe even a half a percent? Or do you have any idea? I don't really have statistics, but it's a low number. Thank you. That's why I'm a little puzzled by the state's position regarding ordering the full record because if we were to remand the ineffective assistance of counsel claim, the state would lodge the entire record anyway. You do in every case when the state appears in the central district, right? Right. But in this situation, the court dismissed this case as part of Rule 4 of the federal habeas. No, I understand that. But you're going to go back, assuming that that's the decision. You're going to litigate the ineffective assistance of counsel claim, and part of that claim is going to be, I told my counsel that the shooter is this other person and nobody followed up on it, so that's the basis of the ineffectiveness. But that's also the basis that he's relying on to try to get past the gateway on the remaining claims, right? It seems very interrelated, and the district court has the benefit of the record if you were to go back on the ineffective assistance of counsel issue. That's true, Your Honor. Our position here, though, is that because the court did have the benefit of the state court opinion, we know that because Petitioner included it in his filings and also because it was clear that the court looked up the opinion independently on Westlaw. So we know that he had the statement of facts from the court of appeal, which are accorded deference by the court. And in this situation where we have a declarant who is a citizen of Mexico who's not clearly subject to the jurisdiction of the courts here and who's making a claim that flies in the face of what the summary of the evidence was at trial, in that situation it was reasonable for the court to deny this getting the benefit of the full record. All right. I think our questions are answered. Thank you, and you're in overtime, so thank you for your argument. A couple of things. Number one, Your Honor, even if we take September 20th, I just want to be very clear about that. It doesn't matter. The September 20th being even if we don't give the petitioner the benefit of doubt on the constructive filing, it doesn't matter. The court of appeal overturned the untimely ruling by the Superior Court. End of the matter. Next issue is I think my counsel indicated that there was a shadow in the car. That is not true. The wife testified that she saw two shadows, but in front of the ñ this is nighttime, mind you. There's conflicting evidence about whether or not the light was on or wasn't on. She saw two shadows when the shooting happened. The neighbor down the street, critically, Your Honor, the neighbor down the street told the police that there were two people in the car when the first one walked over with a cell phone in his hand, and then another guy walks over, follows him about a few minutes later. So we have those two things going on here. And then you don't even need to get a show up, Your Honor. Why? Because there is no procedural default. The Superior Court's order did not specify which applies to what. And we know from clearly established California law that an IAC claim cannot be barred based on Dixon. We know that. So we don't know which was applied to what. So instead of spending time and going through the show up inquiry, Your Honor, I think this should be just based on the merits. Does he meet the merits? And he's got other claims. I don't think they're as strong as IAC claim, not nearly as strong, perhaps. He does have one claim, however, which is destruction of evidence. And that claim ---- Well, but conceivably this Court could find that the IAC is not barred, but that the others are barred. And then he would need Schlatt for that. Your Honor, the others would be ---- I want to be clear about that, though, because he did raise some substantial claims on direct review. So we're not talking about those. We're only talking about what he raised on his collateral review. If Your Honor is inclined to say that there were procedurally defaulted, even though the Superior Court did not specify which default applies to what, which kills it right there, then you don't even have to go to Schrupp then either because you could do cause and prejudice. Cause and prejudice is a lower standard than Schrupp. So either or. I mean, they're both ---- You know, the Schrupp is just a higher burden to meet. But you can show, and if he wants to prosecute his other claims in his habeas petition, then you're correct, Your Honor. But his direct review claims have nothing to do with this. They're timely because his one claim was timely, so he gets statutory tolling because of that one claim. Unless the Court has any questions. I don't think we do. Thank you both for your argument. Thank you, Your Honor. This matter will stand.
judges: Callahan, Nguyen, Bataillon